*83 OPINION.
SteRnhagen :
The respondent disallowed the deduction of all the items listed in the findings. He now concedes that item 49 is deductible and petitioner concedes that items 17, 29, 31, 41 and 55 are not deductible. As to item 27, respondent questions its accrual in 1924.
The petitioner contends that all of the items were ordinary and necessary expenses paid or incurred in the respective year's in carry *84 ing on its trade or business and bence deductions under sections 234 (a) (1), Revenue Acts of 1921 and 1924. Respondent’s explanation stated in the notice of deficiency is that the amounts are “ donations.”
In our opinion, neither the deduction of an item by a corporation nor its disallowance depends upon whether it is a donation. The Board has frequently held that the deductibility of items such as this depends in each case upon the particular evidence to prove its relation to the proper conduct of petitioner’s business. Items which may colloquially be called donations, because perhaps the recipient is a charity or the occasion is beneficent or the transaction is not approached in a formal manned with express legal consideration, may still have such a business significance as to justify their outlay and their recognition as business expenses. When by adequate evidence they are shown to be such, they are deductible as any other ordinary and necessary expense; and when the evidence fails to establish this or shows in fact that the donations are not reasonably motivated by or related to the proper conduct of the business, the deduction must fail.
We can not agree that because the statute expressly provides for their deduction by individuals in section 214(a) (11), Revenue Act of 1921 and section 214(a) (10), Revenue Act of 1924, it impliedly disallows to corporations the deduction of any charitable contributions or donations, however closely they may be identified with the welfare of the business. See Consolidated Gas Co. v. United States, 65 Ct. Cls. 252; Sweet, InC. v. United States, 66 Ct. Cls. 654; Niles Bement Pond Co. v. United States, 67 Ct. Cls. 693. The statute has always provided for the deduction of ordinary and necessary business expenses of both individuals and corporations. This was true under the Act of 1916, sections 5 and 12. As to individuals, a new deduction was added by section 1201, Revenue Act of 1917, for charitable contributions or gifts not exceeding 15 per cent of the individuals’ taxable net incomes; and so the statute continued. This, we think, must be construed as an enlargement of individual deductions and not as a denial to corporations of the deduction of such of their ordinary and necessary business expenses as might be characterized as donations.
The question in each case being one of evidence, the difficulty lies in the nature and quality of the evidence to prove the business character of the item. It can not be that the administration of this provision of the statute is to depend upon the taxpayer’s statement that in his judgment the donation is a business expense nor upon the Commissioner’s statement to the contrary; There must be a more objective demonstration by reliable witnesses of the motive, *85 character, and other circumstances oí the payment or liability in order to establish its direct relation to current business. While the standard of such evidence can not be precisely described, it is controlled by substance to which the Board may devote its consideration and not by mere assertion. Upon a record containing reliable evidence of facts and circumstances, the Board is in a position to decide whether the item is a business expense.
In the present case, the record contains a full disclosure of the circumstances of each item in dispute. Other items of donations were not attempted to be deducted because petitioner regarded them as not closely enough related to current business to bring them within the statute, while some which were deducted were later withdrawn from dispute. Upon the whole record, we are of opinion that most of the disputed items were in fact so directly related to current business as to support their deduction. We say this despite the fact that there is some expression as to some of the smaller items that they were prompted by a- motive to build good will or to assure future trade. Of course, a substantial- outlay to secure or to build up good will might be of such a capital nature that it should not be charged off as a business expense against the income of a single year. Cf. Northwestern Yeast Co., 5 B. T. A. 232. But such a test of the distinction between capital and expense should not be ruthlessly applied to small items which are sensibly charged off when made.
We think, however, that the contributions to Coe College (Nos. 25 and 56) were not minor items. They were made for petitioner’s lasting benefit and not as current advertising. As in J. A. Majors Co., 5 B. T. A. 260, the deduction of $1,500 in each year to Coe College eran not be sustained. Nor can item 27 to Mercy Hospital be deducted.
The contributions to improved highways, items 21 and 34, are not ordinary and necessary expenses of the business of the year, but are of lasting benefit in common with the entire community. They may not be deducted. Hotel Patten Co., 13 B. T. A. 943; David Baird Co., 2 B. T. A. 901; Woodside Cotton Mills Co., 13 B. T. A. 266.
We therefore hold that, except items 17, 21, 25, 27, 29, 31, 34, 41, 55 and 56, all the items listed in the findings were ordinary and necessary business expenses and proper deductions.

tJudgment will he entered under Rule 50.